**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ONE AVIATION CORPORATION, *et al.*,<br><br>                              Debtors. | Chapter 7<br>Case No. 18-12309 (JKS)<br><br>Jointly Administered |
| DILIGENT ENTERPRISE MANAGEMENT, LLC,<br><br>                              Plaintiff,<br><br>- against -<br><br>AML GLOBAL ECLIPSE, LLC, DWC PINE INVESTMENTS I, LTD., ALAN KLAPMEIER, JAMES CARROLL, STEVE SERFLING, RJ SIEGLE, and MIKE WYSE,<br><br>                              Defendants. | Adv. Pro. No. 25-52065 (JKS) |

**DEFENDANT AML GLOBAL ECLIPSE LLC'S
MOTION TO DISMISS THE COMPLAINT**

Defendant AML Global Eclipse, LLC ("AML Global"), by and through undersigned counsel, hereby files this Motion to Dismiss (the "Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to the above-captioned adversary proceeding by Federal Rule of Bankruptcy Procedure 7012, for an entry of an order dismissing with prejudice Counts IV and V of the complaint (the "Complaint") filed by Plaintiff Diligent Enterprise Management, LLC ("Plaintiff" or "Diligent"). In support of this Motion, Defendant has simultaneously filed its Memorandum of Law in Support of Motion to Dismiss the Complaint (the "Brief").

As set forth more fully in the Brief, the Complaint's two counts against AML Global (Counts IV and V) must be dismissed with prejudice for the following three independent reasons: (1) under the law of the case doctrine, all of the claims against AML Global are barred or enjoined

by this Court's prior order approving AML Global's purchase of Debtors' Eclipse light jet assets [D.I. 1063]; (2) under the doctrines of claim preclusion and issue preclusion, the Complaint's allegations against AML Global cannot be squared with this Court's prior findings, which are final and preclusive of the Complaint's claims and allegations against AML Global; and (3) the Complaint fails to plead factual allegations necessary to properly state each of its claims for relief or to survive AML Global's Motion to Dismiss.

For the reasons set forth in the Brief, AML Global respectfully requests that the Court enter an order substantially in the form attached to the Motion as **Exhibit A** dismissing Counts IV and V with prejudice and forever barring, estopping, and permanently enjoining Plaintiff from filing suit against AML Global for the same or similar causes of action, or causes of action based on different legal theories but arising from the same or similar operative facts. AML Global reserves the right to seek at the appropriate juncture costs, attorneys' fees, and expenses pursuant to 11 U.S.C. § 105(a), Bankruptcy Rules 7054 and 9011, this Court's inherent sanctioning authority, or any other and further grounds that may be available.

## STATEMENT PURSUANT TO LOCAL RULE 7012-1

Pursuant to Rule 7012-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Defendant hereby consents to the entry of final orders or judgments by the Court.

Dated: October 6, 2025

PACHULSKI STANG ZIEHL & JONES LLP
By: /s/ Mary F. Caloway
Laura Davis Jones (DE Bar No. 2436)
Mary F. Caloway (DE Bar No. 3059)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
    mcaloway@pszjlaw.com

FRIED FRANK HARRIS, SHRIVER & JACOBSON LLP
Michael C. Keats (*pro hac vice*)
One New York Plaza
New York, NY 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000
Email: michael.keats@friedfrank.com

*Counsel for Defendant*
*AML Global Eclipse, LLC*

3