# EXHIBIT F

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/24/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

DILIGENT ENTERPRISE MANAGEMENT, LLC,

Plaintiff,

-against-

AML GLOBAL ECLIPSE, LLC, DWC PINE INVESTMENTS I, LTD., ALAN KLAPMEIER, JAMES CARROLL, STEVE SERFLING, RJ SIEGLE, and MIKE WYSE,

Defendants.

-------------------------------------------------------------X

24-CV-2228 (VEC)

<u>ORDER TO SHOW CAUSE</u>

VALERIE CAPRONI, United States District Judge:

WHEREAS on May 27, 2025, the Court denied Plaintiff's motion to remand this action, granted Defendants' cross-motion to transfer this case to the U.S. District Court for the District of Delaware, and granted Defendants' motion for attorneys' fees and costs pursuant to Rule 41(d) of the Federal Rules of Civil Procedure, retaining limited jurisdiction to enforce the fee award, *see* Dkt. 60;

WHEREAS on July 2, 2025, after the parties informed the Court they could not resolve the issue of attorneys' fees, the Court referred the dispute to Magistrate Judge Moses for final resolution as a non-dispositive matter, *see* Dkts. 63, 64;

WHEREAS on March 3, 2026, Judge Moses determined that Defendant AML Global Eclipse, LLC ("AML Global") is entitled to $80,525 in attorneys' fees and $1,522.54 in legal expenses pursuant to Rule 41(d), *see* Dkt. 91 ("Final Fee Order");

WHEREAS Judge Moses ordered that Plaintiff pay Defendant AML Global not later than April 2, 2026, *see* Dkt. 91 at 16;

WHEREAS neither party filed objections to the Final Fee Order;

WHEREAS on April 15, 2026, Plaintiff's counsel Christina H. Bost Seaton, Esq., of the law firm Pierson Ferdinand LLP, moved to withdraw as Plaintiff's attorney in this matter, *see* Dkt. 92, citing the limited basis of Pierson Ferdinand's representation and the completion of the terms of its engagement,[1] *see* Bost Seaton Decl., Dkt. 93 ¶¶ 2–3, 6, and "a breakdown in the attorney-client relationship between [Plaintiff] and Pierson Ferdinand since" Judge Moses issued the Final Fee Order, *see id.* ¶ 4;

WHEREAS Ms. Boston Seaton's declaration does not further detail the "breakdown in the attorney-client relationship between [Plaintiff] and Pierson Ferdinand," *see id.*;

WHEREAS Ms. Bost Seaton stated that "[t]here are no outstanding issues remaining in this litigation, as the Opinion and Order on the Fee Request Motion has been issued, and the remainder of the litigation has been transferred to the District of Delaware," *id.* ¶ 6;

WHEREAS "an attorney who has appeared for a party may be relieved or displaced only by order of the court . . . upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case" and indicating whether the attorney is asserting a retaining or charging lien, *see* Local Civ. R. 1.4(b);

---

[1] Local Rule 1.4(c) provides:

> Where a party and an attorney have agreed to limited-scope representation, the attorney must file a notice that describes the scope of the representation for any matter that may require the attorney to file papers with the court; appear before a judge, arbitrator, or mediator; or communicate with opposing counsel. Notice is not required if the attorney is providing short-term, limited legal services under a program sponsored by a court, government agency, bar association, or not-for-profit legal services organization unless the attorney will file papers with the court; appear before a judge, arbitrator, or mediator; or provide continuing representation in the matter.

Loc. Civ. R. 1.4(c)(1). Limited scope representation terminates pursuant to Local Rule 1.4(c)(3) "once the attorney files a notice stating that the tasks for which the appearance was entered have been completed." Loc. Civ. R. 1.4(c)(3). Pierson Ferdinand did not submit the required notice informing the Court of its purported limited scope representation "solely for the purpose of opposing the motion for attorneys' fees and costs," *see* Bost Seaton Decl. ¶ 2, and, as such, the scope of the firm's representation was never determined by the Court to be appropriate in the first instance.

WHEREAS when considering whether to grant a motion to withdraw, the Court must analyze two factors: (i) "the reasons for withdrawal" and (ii) "the impact of the withdrawal on the timing of the proceeding," *see S.E.C. v. Gibraltar Glob. Sec., Inc.*, No. 13 Civ. 2575 (GBD) (JCF), 2015 WL 2258173, at *1 (S.D.N.Y. May 8, 2015);

WHEREAS on April 15, 2026, Defendant AML Global filed a letter "[i]n light of Ms. Bost Seaton's motion to withdraw," "appris[ing] the Court that AML Global intends to move for an order holding [Plaintiff] in contempt for failure to comply with" Judge Moses's Final Fee Order, *see* Dkt. 96;

WHEREAS on April 22, 2026, Defendant AML Global filed a motion for sanctions seeking to hold Plaintiff in civil contempt due to Plaintiff's continued failure to comply with the Final Fee Order, *see* Dkts. 97, 98, 99, 100;

WHEREAS counsel did not properly notify the Court of its purportedly limited-scope engagement pursuant to Local Civil Rule 1.4(c)(1), *see supra* n.1;

WHEREAS, contrary to Ms. Bost Seaton's assertion, there is at least one remaining issue outstanding before the Court in this case (*i.e.*, AML Global's continued non-compliance with Judge Moses's Final Fee Order), *see* Dkt. 96; *see also* Dkts. 97, 98, 99, 100;

IT IS HEREBY ORDERED that Ms. Bost Seaton and Pierson Ferdinand LLP have not articulated satisfactory reasons for requesting withdrawal pursuant to Local Rule 1.4,[2] and that

---

[2] "It is well established that" an "irreparable breakdown in the attorney-client relationship" is "a sufficient reason" for the Court to grant a withdrawal motion, "even where the client opposes the motion or disputes a relationship breakdown." *Delgado v. Donald J. Trump for President, Inc.*, No. 19-CV-11764 (AT) (KHP), 2023 WL 2975155, at *2 (S.D.N.Y. Mar. 10, 2023); *see also, e.g., Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773 (AKH) (JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (collecting cases). That said, Ms. Bost Seaton and Pierson Ferdinand LLP have provided no evidence, beyond conclusory assertion, that would permit the Court to find "that the attorney-client relationship has indeed broken down here sufficient to warrant granting the motion to withdraw." *Delgado*, 2023 WL 2975155, at *2; *see also, e.g.*, *Benvenisti v. City of N.Y.*, No. 04 Civ. 3166 (JGK) (RLE), 2006 WL 44039, at *1 (S.D.N.Y. Jan. 6, 2006) (granting motion to withdraw where "clear that attorney-client relationship has broken down"). Given Pierson Ferdinand LLP's failure to properly notice the Court of its purportedly limited-scope representation and Defendant AML Global's now-pending civil contempt motion, the

withdrawal is likely to unduly delay further proceedings in this case. As such, Ms. Bost Seaton and Pierson Ferdinand LLP's motion to withdraw as counsel is DENIED. The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 92.

IT IS FURTHER ORDERED that Plaintiff must SHOW CAUSE at a hearing on **Friday, May 22, 2026, at 2:30 P.M.**, why it should not be held in civil contempt for failure to comply with the Final Fee Order, Dkt. 91. The hearing will take place in Courtroom **20C** of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007. **Attendance from the following is required**: (i) at least one representative from Plaintiff Diligent Enterprise Management, LLC, with knowledge of the facts of this case, including of the instant contempt motion and information pertinent thereto, (ii) counsel for Plaintiff Diligent Enterprise Management, LLC, and (iii) counsel for Defendant AML Global.

IT IS FURTHER ORDERED that Plaintiff's deadline to oppose Defendant AML Global's civil contempt motion is **Thursday, May 14, 2026**.

**SO ORDERED.**

**Date: April 24, 2026**
**New York, New York**

Valerie Caproni

**VALERIE CAPRONI**
**United States District Judge**

---

Court is compelled to conclude that, on the record presently before it, the balance of factors militate against granting Ms. Bost Seaton's motion to withdraw.